UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
Caption in compliance with D.N.J. LBR 9004-2(c)

Mester & Schwartz, P.C.
Jason Brett Schwartz, Esquire
Bar No. 4217
1333 Race Street
Philadelphia, PA 19107
(267) 909-9036

**In Re:**

**SAMUEL JIMENEZ,**

**Debtor**

**Order Filed on July 18, 2018 by**
**Clerk U.S. Bankruptcy Court**
**District of New Jersey**

Case No.: 18-14952-JNP

Judge: Jerrold N. Poslusny, Jr.

## CONSENT ORDER MODIFYING STAY AS TO MOTOR VEHICLE
## 2012 HYUNDAI ELENTRA

The relief set forth on the following pages, number two (2) through four (4) is hereby

**ORDERED.**

**DATED: July 18, 2018**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

2
Debtor:            Samuel Jimenez
Case No.:          18-14952-JNP
Caption of Order:  Consent Order Modifying Stay as To Personal Property

1.    The 11 USC § 362(a) Stay as to Capital One Auto Finance, a division of Capital One, N.A.,

its successors and/or assigns ("Movant"), with respect to the personal property of the Debtor

described as a 2012 HYUNDAI Elantra-4 Cyl. Sedan 4D GLS, V.I.N. 5NPDH4AE2CH139565, in

accordance with the agreement of the Debtor and Movant, is hereby modified and shall remain in

effect PROVIDED THAT Debtor complies with the following terms and conditions:

(a)    To cure the remaining post-petition arrearage currently ripe, due and owing to

Movant, Debtor will make payments to Movant as follow:

| DATE PAYMENT DUE | ADEQUATE ASSURANCE PAYMENT | ARREARS | TOTAL |
|---|---|---|---|
| Immediately | $0.00 | $700.00 | $700.00 |
| 07/14/18 | $345.19 | $113.46 | $458.65 |
| 08/14/18 | $345.19 | $113.46 | $458.65 |
| 09/14/18 | $345.19 | $113.46 | $458.65 |
| 10/14/18 | $345.19 | $113.46 | $458.65 |
| 11/14/18 | $345.19 | $113.46 | $458.65 |
| 12/14/18 | $345.19 | $113.46 | $458.65 |
| Total | $2,071.14 | $1,380.76 | $3,451.90 |

(b)    Debtor will resume making all future regular monthly installment payments of

$345.19 (subject to changes for taxes, insurance costs and late fees, if any) beginning on January

14, 2019; Debtor will timely make each payment in accordance with the terms and conditions of

the loan document between Debtor and Movant.

3
Debtor:              Samuel Jimenez
Case No.:            18-14952-JNP
Caption of Order:    Consent Order Modifying Stay as To Personal Property

2.    Debtor will remain current on all payments ripe, due and owing under the terms of the Chapter 13 Plan. Debtor will pay Movant as an administrative expense through the Chapter 13 Plan the sum of $481.00 for attorney's fees and costs.

3.    The term "payment" as set forth in Paragraph 1, supra, does not include a check that is returned due to insufficient funds, account closed, or is otherwise not capable of negotiation for any other reason.

4.    Debtor will be in default under the Consent Order in the event that Debtor fails to comply with the payment terms and conditions set forth in Paragraph 1, *supra*. If Debtor fails to cure the default within thirty (30) days from the date of default, Movant may apply on five days' notice to counsel for Debtor and the Chapter 13 Trustee for an order lifting the automatic stay imposed under 11 U.S.C. § 362(a) and permitting Movant to exercise any rights under the loan documents with respect to the motor vehicle including, but not limited to, initiating and completing a foreclosure sale of the motor vehicle without regard to any future conversion of this matter to a different form of bankruptcy.

5.    In the event Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-petition arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtor fails to make payments in accordance with this paragraph, then Movant, through counsel, may file a Certification of Default setting forth said failure and Movant shall be granted

4
Debtor:            Samuel Jimenez
Case No.:          18-14952-JNP
Caption of Order:  Consent Order Modifying Stay as To Personal Property

immediate relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11

U.S.C. § 362) and the Movant is then permitted to exercise any rights under the loan documents

with respect to the motor vehicle including, but not limited to, initiating and completing a

foreclosure sale of the motor vehicle.

6.    Debtor may default and cure the default under the Consent Order one (1) time. If Debtor

defaults a second (2nd) time, Movant may serve a notice of default in accordance with

Paragraphs 4, *supra*, but Debtor will not be granted an opportunity to cure the default.

7.    The failure of Movant to issue a notice of default will not be construed or act as a waiver

of any of the rights of Movant under the Consent Order.

8.    Debtor waives the fourteen (14) day stay provided under Rule 4001(a)(3), F.R.B.P.

**We hereby consent to the form and entry of the foregoing Order.**


Andrew Thomas Archer, Esquire
Brenner Spiller & Archer
175 Richey Ave.
Collingswood, NJ 08107
Attorney for Debtor

Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1333 Race St.
Philadelphia, PA 19107
Attorney for
Capital One Auto Finance,
a division of Capital One, N.A.